JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Crystal Smullen

**(b)** County of Residence of First Listed Plaintiff: Chester

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Katherine C. Oeltjen, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

## DEFENDANTS

Alger Oil and Propane, Inc. and Alger Oil Company, Inc.

County of Residence of First Listed Defendant: Chester

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
42 U.S.C. § 2000e, et seq. ("Title VII"), 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff was discriminated against because of her sex subjecting her to sexual harassment & a hostile work environment, and retaliating against her for the same.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: November 17, 2026

SIGNATURE OF ATTORNEY OF RECORD: Katherine C. Oeltjen

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Crystal Smullen | : | CIVIL ACTION |
| v. | : | |
| Alger Oil and Propane, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| November 17, 2026 | [signature] | Plaintiff, Crystal Smullen |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 544 Lincoln Street, Oxford, PA 19362

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRYSTAL SMULLEN**<br>Nottingham, PA 19362<br>Plaintiff,<br><br>v.<br><br>**ALGER OIL AND PROPANE, INC.**<br>544 Lincoln Street<br>Oxford, PA 19362<br><br>and<br><br>**ALGER OIL COMPANY, INC.**<br>544 Lincoln Street<br>Oxford, PA 19362<br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## I. <u>INTRODUCTION</u>

Plaintiff, Crystal Smullen ("Plaintiff"), brings this action against her former employers Alger Oil and Propane, Inc. and Alger Oil Company, Inc. (collectively "Defendants") for discriminating against Plaintiff because of her sex, including by subjecting her to sexual harassment and a hostile work environment, and retaliating against her because of her complaints of sex discrimination and sexual harassment. Defendants failed to investigate Plaintiff's complaints, failed to remedy or prevent the discriminatory, hostile, and retaliatory work environment to which she was subjected, and ultimately terminated Plaintiff's employment. Plaintiff now brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available statutory relief that this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Crystal Smullen, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Nottingham, PA 19362.

2. Plaintiff is female.

3. Defendant Alger Oil Company, Inc. is a corporation organized under the laws of the State of Maryland.

4. Defendant Alger Oil Company, Inc. is a corporation that maintains a principal place of business at 544 Lincoln Street, Oxford, PA 19363.

5. Defendant Alger Oil and Propane, Inc. is organized under the laws of the Commonwealth of Pennsylvania.

6. Defendant Alger Oil and Propane, Inc. is a corporation that maintains a principal place of business at 544 Lincoln Street, Oxford, PA 19363.

7. At all times material hereto, Defendants acted as a single employer, joint employers, and/or alter egos.

8. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

9. At all times material hereto, Defendants employed more than fifteen (15) people and more than four (4) employees within the Commonwealth of Pennsylvania.

10. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

11. At all times material hereto, Defendants were Plaintiff's "employer(s)" within the meaning of the statutes which form the basis of this matter.

12. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III. <u>JURISDICTION AND VENUE</u>

13. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

14. This Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

17. On or about July 21, 2025, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and cross-filed with Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination and retaliation alleged herein. Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the Complaint (with personal identifying information redacted).

18. On or about September 8, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue for the above Complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. <u>FACTUAL ALLEGATIONS</u>

20. Plaintiff was hired by Defendants on or about September 6, 2022.

21. Plaintiff verbally accepted the position of Customer Service Representative during

a phone call with Defendants on or about August 30, 2022, where they informed her of her schedule, hourly rate, and benefits, including the opportunity to make commission on each new customer account Plaintiff opened.

22. Plaintiff's job duties included but were not limited to the following: opening new customer accounts for residential oil, answering phones and emails, filing and data entry, and delivery billing.

23. Plaintiff consistently performed her job duties in a highly competent and exemplary manner.

24. Plaintiff last reported to Lisa Frye ("Frye"), Office Manager.

25. Lisa Frye reported to Robert Clemson ("Clemson"), General Manager.

26. Robert Clemson reported to Kurt Haab ("Haab"), Owner.

27. Timothy Martone ("Martone") was an Outside Sales Representative who reported to Clemson.

28. Martone and Plaintiff worked at the same office location of Defendants in Oxford, Pennsylvania.

29. Martone's cubicle was situated directly behind Plaintiff's desk.

30. Martone repeatedly made inappropriate, sexual comments and innuendos toward Plaintiff, including referring to himself and others as "Daddy," saying "Don't touch me there Daddy," "Daddy stop," "come here and sit on Paw Paw's lap," and "Candy little girl."

31. Martone repeatedly made sexual moaning sounds when he was near Plaintiff.

32. Martone's desk was situated directly behind Plaintiff's desk.

33. Martone made moaning sounds while Plaintiff was on the phone with customers, making it difficult for her to hear.

34. Martone made moaning sounds while he walked past Plaintiff's desk.

35. Martone made moaning sounds when he entered the office kitchen and Plaintiff was there.

36. When Plaintiff wore a skirt or a dress, Martone made inappropriate comments regarding Plaintiff's legs and appearance.

37. On multiple occasions, Chloe Fowler ("Fowler"), Customer Service Representative, and Plaintiff discussed Martone's sex-based comments and conduct.

38. Plaintiff asked Martone to stop the sexual moaning sounds and inappropriate comments.

39. Plaintiff had a conversation with Martone about his inappropriate behavior in the workplace and asked him to stop.

40. Plaintiff made it known that she did not want to engage in the sex-based commentary.

41. Plaintiff rebuffed the sex-based overtures.

42. Despite asking Martone to stop his vulgar comments, Martone continued with his sexual comments and moaning.

43. Plaintiff witnessed other employees, including Fowler, tell Martone to stop saying vulgar, sexual comments.

44. Plaintiff, again, confronted Martone in the hallway in front of Frye's office about his persistent inappropriate sexual behavior and asked him to stop.

45. Frye failed to address Martone's inappropriate comments with either Plaintiff or Martone, despite being in her office with the door open and privy to the conversation that occurred.

46. Martone's inappropriate sexual behavior and comments continued, despite

Plaintiff's repeated conversations with Martone asking him to stop.

47. In or about February 2024, Plaintiff reported Martone's inappropriate conduct to Clemson and Frye.

48. Plaintiff sent a text message to Clemson and asked to speak with him privately and in-person over something that was concerning her.

49. Plaintiff arrived to work early the following day and went directly to Clemson's office.

50. As soon as Plaintiff sat down and began speaking to Clemson, Clemson stopped her and directed her to go to Frye's office.

51. Clemson told Plaintiff that he knew what the conversation was going to be about and believed it was something Frye should handle.

52. Plaintiff disclosed to Frye that she suffered sexual trauma as a child, and that Martone's inappropriate sexual comments and conduct were causing her renewed trauma, including lack of sleep and appetite.

53. Plaintiff disclosed to Frye that other employees, including Fowler, were also impacted by Martone's comments and conduct.

54. In response, Frye commented that she could "not stand" Martone and she did not think that he should be in an office setting with female employees.

55. Frye stated that she would pass along Plaintiff's complaints to Clemson.

56. Plaintiff expected a meeting to occur with Clemson, Frye, Martone and herself, but no meeting ever occurred.

57. Martone's inappropriate conduct continued even after Plaintiff complained to Frye and Clemson.

58. Martone took photos and videos of Plaintiff without her consent.

59. Other employees witnessed Martone filming Plaintiff.

60. Martone continued to moan in a sexual manner and make “Daddy” comments.

61. Plaintiff continued to complain to Frye about Martone’s inappropriate, sex-based statements and conduct, including that he filmed her.

62. Martone called Leslie Peed, Customer Service Representative, “Lezbo,” in reference to her sexual orientation.

63. Plaintiff objected to this sex-based comment.

64. In or about April 2024, Fowler resigned from Defendants.

65. Fowler told Plaintiff that she resigned due to Martone's inappropriate comments and conduct.

66. On April 4, 2025, Martone sprayed Plaintiff's desk with “sh__ in a can” prank spray that smelled like liquid manure.

67. Following the above, Plaintiff was visibly upset and asked Clemson to come to her desk to see and smell what had been done by Martone.

68. Plaintiff was unable to continue working at her desk due to the smell and went home early.

69. Plaintiff was not paid for that day.

70. Following this incident, Martone remained at work.

71. Defendants did not take disciplinary action against Martone for spraying Plaintiff’s desk and causing her to go home that day without pay.

72. When Plaintiff returned to work the following Monday, she was treated differently and worse, and in a more hostile and dismissive manner, than male and/or noncomplaining

employees.

73. Clemson refused to engage or interact with Plaintiff.

74. Neither Clemson nor Frye had a conversation with Plaintiff regarding the incident on April 5, 2025, or how it was handled.

75. Plaintiff was held to a higher, more stringent standard than male and/or noncomplaining employees were held.

76. Plaintiff was unjustly criticized, ignored, and excluded.

77. Despite Plaintiff having been told that she would receive commissions for each new customer account that she opened, Plaintiff did not receive any commissions.

78. Martone received commission for opening new accounts as an Outside Sales Representative.

79. Martone was promoted to Service Manager.

80. At the time of his promotion, Martone's managers were well aware of his sex discriminatory and harassing conduct.

81. Plaintiff complained of sexual harassment by Martone.

82. Defendants did not take any material steps to protect Plaintiff from harassment in the workplace.

83. Instead, Defendants promoted Martone, thereby fostering and encouraging his sex discriminatory and harassing conduct.

84. Clemson, himself, was also the source of inappropriate behavior and vulgar comments.

85. Clemson made a Facebook post that contained vulgar, sexual images and videos depicting buttocks and sexual acts with a statement from Clemson that this is how he feels toward

his employees.

86. On June 11, 2025, Plaintiff noticed that Defendants posted they were hiring for an “office help” position to assist with day-to-day administrative tasks that included most of Plaintiff's job duties, namely answering phones and emails, filing and data entry, and scheduling and customer service.

87. On June 12, 2025, in a meeting with Clemson and Frye, Defendants terminated Plaintiff's employment, effective immediately.

88. Defendants’ stated reason for terminating Plaintiff was that Plaintiff had made an error on May 28, 2025.

89. Plaintiff rebutted the unjust criticism and stated she had not made the error.

90. When Plaintiff asked to see evidence of the alleged issue, Defendants refused to show her.

91. Clemson stated that what “was done was done,” and that Defendants were terminating Plaintiff's employment.

92. Plaintiff was not placed on any progressive discipline.

93. Plaintiff did not have any performance or disciplinary issues throughout her employment.

94. Plaintiff was the only employee who was terminated on June 12, 2025.

95. Martone remained employed with Defendants.

96. Plaintiff did not have any opportunity to remain employed with Defendants.

97. Defendants assigned Plaintiff's job duties and responsibilities to noncomplaining and/or male employees.

98. Plaintiff was more qualified to perform her job duties and responsibilities than the

noncomplaining, male employees to whom her job duties and responsibilities were assigned.

99. Defendants retained noncomplaining, male employees in positions for which Plaintiff was more qualified when she was terminated.

100. Other female and/or complaining employees have been terminated and/or pushed out and/or subjected to a hostile work environment at Defendants.

101. Defendants failed to remedy or prevent the sex discrimination, including sexual harassment, to which Plaintiff was subjected.

102. Defendants failed to investigate Plaintiff's sex discrimination, including sexual harassment, complaints.

103. Defendants' stated reason for terminating Plaintiff is false and pretextual.

104. The real reason Defendants terminated Plaintiff is because of her sex and/or her engaging in protected activity.

105. Defendants subjected Plaintiff to a hostile work environment because of her sex and/or her engaging in protected activity.

106. Defendants retaliated against Plaintiff because of her engaging in protected activity by complaining of sex discrimination and sexual harassment.

107. Defendants did not target or treat in the same way male and/or noncomplaining employees.

108. Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, without limitation, the creation of the hostile work environment to which Plaintiff was subjected, forcing her to take unpaid leave, and her termination.

109. Plaintiff's complaining of sex discrimination and sexual harassment was a

motivating and/or determinative factor in connection with Defendants' discriminatory and retaliatory treatment of Plaintiff, including the creation of the hostile work environment to which Plaintiff was subjected, forcing her to take an unpaid leave, and her termination.

110. Defendants failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein, and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

111. The conduct of Defendants, as set forth above, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive, and in fact made Plaintiff believe that the conditions of her employment had been altered and that a hostile work environment existed.

112. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

113. Defendants' comments and conduct evidence a bias against female and/or complaining employees.

114. Defendants' sex discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

115. As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

116. The conduct of Defendants, as set forth above, was outrageous under the

circumstances, was done by and with the knowledge of upper management, and warrants the imposition of punitive damages against Defendants.

117. The conduct of Defendants, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

118. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

119. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

120. Defendants acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendants' conduct was especially egregious, warranting the imposition of punitive damages.

121. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

122. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT II - PHRA

123. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

124. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

125. Said violations were intentional and willful.

126. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff

has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

127. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the PHRA;

c) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

d) enjoining and permanently restraining the violations alleged herein;

e) awarding compensatory damages to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory, retaliatory, and unlawful misconduct;

f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g) awarding punitive damages to Plaintiff under Title VII;

h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees;

i) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA; and

j) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: November 17, 2026 BY: ______________________________

Katherine C. Oeltjen, Esquire
Karla J. Payonk, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
*Attorneys for Plaintiff*

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

| | | |
|---|---|---|
| COMPLAINANT:<br><br>**CRYSTAL SMULLEN**<br><br>v.<br><br>RESPONDENTS:<br><br>**ALGER OIL AND PROPANE, INC.**<br><br>and<br><br>**ALGER OIL, INC.** | : | Docket No. |

1. The Complainant herein is:

   Name: Crystal Smullen

   Address: REDACTED
   Nottingham, PA 19362

1. The Respondents herein are:

   Names: Alger Oil and Propane, Inc.

   Address: 544 Lincoln Street
   Oxford, PA 19363

2. I, Crystal Smullen, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and retaliation because of my engaging in protected activity, as set forth below.

**Discrimination and Retaliation**

**A. I specifically allege:**

[1] I was hired by Respondents on September 6, 2022.

[2] I last held the position of Customer Service Representative.

[3] I consistently performed my job duties in a highly competent manner.

[4] I last reported to Lisa Frye (female), Office Manager. Frye reported to Robert Clemson (male), General Manager. Clemson reported to Christopher Haab (male), Owner.

[5] Timothy Martone (male), Outside Sales Representative, engaged in comments and conduct of a sexual nature toward me.

[6] Martone repeatedly made sexual moaning sounds when he was near me.

[7] Martone repeatedly made various inappropriate comments, including sexual innuendo, and references to sexual encounters and sexual touching.

[8] I asked Martone to stop the sexual moaning sounds and inappropriate comments.

[9] I objected to the sex-based comments and conduct.

[10] I made it known that I did not want to engage in the sex-based commentary.

[11] I rebuffed the sex-based overtures.

[12] I was told that Martone took photos and videos of me.

[13] On multiple occasions, Chloe Fowler (female), Customer Service Representative, and I discussed the sex-based comments and conduct at Respondents.

[14] In or about February 2024, I told Frye that I was raped when I was a child, and Martone's inappropriate comments and conduct were causing me renewed trauma. I stated that Fowler was also impacted by Martone's inappropriate comments and conduct. Frye commented that she could not stand Martone. Frye commented that Martone should not be in an office setting with female employees. Frye stated that she would pass along my complaints to Clemson.

[15] In or about April 2024, Fowler resigned from Respondents. Fowler told me that she resigned due to Martone's inappropriate comments and conduct.

[16] Martone called Leslie Peed (female), Customer Service Representative, "Lezbo." I objected to the sex-based comment.

[17] On multiple occasions, I complained to Clemson and Frye of the above sex-based, including sexual, comments and conduct.

[18] Respondents failed to remedy or prevent the sex discrimination, including sexual harassment, to which I was subjected.

[19] Respondents failed to investigate my sex discrimination, including sexual harassment, complaints.

[20] I was treated differently and worse, and in a more hostile and dismissive manner, than male and/or noncomplaining employees were treated.

[21] I was held to a higher, more stringent standard than male and/or noncomplaining employees were held.

[22] Despite my having been told that I would receive commissions for each new customer account that I opened, I received no commissions.

[23] I was unjustly criticized.

[24] I was ignored.

[25] I was excluded.

[26] On April 4, 2025, Martone sprayed my desk with "shit in a can" prank spray that smelled like liquid manure.

[27] On April 4, 2025, following the above, I was visibly upset and asked Clemson to come to my desk to see and smell what had been done by Martone.

[28] On April 4, 2025, following the above, I had permission from Clemson to go home early from work. I was not paid for that day.

[29] On April 4, 2025, following the above, Martone remained at work and had no disciplinary action taken against him.

[30] Following the above, when I attempted to address the above issues with Clemson, he ignored me and refused to speak with me.

[31] On June 11, 2025, I noticed that Respondents were hiring for a new position that included most of my job duties.

[32] On June 12, 2025, in a meeting with Clemson and Frye, Respondents terminated my employment, effective immediately. The stated reason was that I had made an error on May 28, 2025. I rebutted the unjust criticism and stated that the allegation was not true, and that I had not made the error. When I asked to see evidence of the alleged issue, they refused to show me. Clemson stated that what was done was done, and that Respondents were terminating my employment.

[33] I was not placed on any progressive discipline.

[34] I had no performance or disciplinary issues throughout my employment.

[35] I was the only employee who was terminated on June 12, 2025.

[36] Martone remains employed with Respondents.

[37] Respondents terminated my employment because of my sex and/or my engaging in protected activity.

[38] Respondents subjected me to a hostile work environment because of my sex and/or my engaging in protected activity.

[39] I had no opportunity to remain employed with Respondents.

[40] Respondents assigned my job duties and responsibilities to noncomplaining and/or male employees. I was more qualified to perform my job duties and responsibilities than the noncomplaining, male employees to whom my job duties and responsibilities were assigned.

[41] Respondents retained noncomplaining, male employees in positions for which I was more qualified when I was terminated.

[42] Other female and/or complaining employees have been terminated and/or pushed out and/or subjected to a hostile work environment at Respondents.

[43] Respondents' sex discriminatory and retaliatory conduct toward me has caused me emotional distress.

[44] Respondents' comments and conduct evidence a bias against female and/or complaining employees.

**B.** Respondents have discriminated against me because of my sex (female) and retaliated against me because of my engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

3. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

_X_ **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d)__**

____ Section 5.1 Subsection(s) ______________________________

____ Section 5.2 Subsection(s) ______________________________

____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) ______________________________

4. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

_X_ **This charge will be referred to the EEOC for the purpose of dual filing.**

5. The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

07/17/2025 Crystal Smullen

(Date Signed) (Signature) Crystal Smullen
REDACTED
Nottingham, PA 19362

# EXHIBIT 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 9/8/2026

**To:** Crystal Smullen
REDACTED
Nottingham, PA 19362

Charge No: 17F-2025-61024
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 9/8/2026

Karen McDonough
Deputy District Director

cc: Robert Clemson
General Manager
Alger Oil and Propane, Inc.
544 Lincoln Street
Oxford, PA 19363

Karla Payonk Esq.
Console Mattiacci Law
1525 Locust St. 9th Floor
Philadelphia, PA 19102

Please retain this notice for your records.